J-S22025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SHERMAN COLEMAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| NANCY A. GIROUX | |
| Appellee | No. 1593 WDA 2014 |

Appeal from the Order Entered September 5, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-14-013621

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                              **FILED JULY 06, 2015**

Sherman Coleman appeals, *pro se*, from the order, entered in the Court of Common Pleas of Allegheny County, dismissing as frivolous his petition for writ of habeas corpus and dismissing as moot his request to proceed *in forma pauperis*.  After careful review, we affirm.

Coleman, an inmate at SCI-Albion, was convicted in 1988 of three counts of robbery, and one count each of criminal conspiracy, recklessly endangering another person (REAP) and violating the Uniform Firearms Act. He was sentenced to serve an aggregate term of 30-60 years in prison.  On August 7, 2014, Coleman filed a *pro se* petition for writ of habeas corpus *ad*

_____

[*] Retired Senior Judge assigned to the Superior Court.

*subjiciendum*,[1] in the Allegheny Court of Common Pleas, against Nancy A. Giroux, the Superintendent of SCI-Albion.  In his petition, Coleman alleged that since September 15, 1988, he has been unlawfully detained by the Department of Corrections (DOC) "following criminal proceedings in the Allegheny County Court of Common Pleas under case numbers 198800275, 198800279, and[] 198800281."  Coleman's Petition for Writ of Habeas Corpus Ad Subjiciendum, 6/26/2014, at 3.  Specifically, Coleman claimed that because there is no record of a valid sentencing order being entered in his underlying criminal case, in violation of 42 Pa.C.S. § 9764(a)(8),[2] the state prison does not have legal authority to confine him.

On appeal, Coleman lists five issues for our review.  However, those issues can be consolidated into one basic question:  Did the trial court abuse its discretion by denying his petition for writ of habeas corpus when his due process rights were violated because the record officer at SCI-Albion had no

_____

[1]  This type of writ inquiries into "the lawfulness of the restraint of a person who is imprisoned or detained in another's custody."  Habeas Corpus Ad Subjiciendum." Merriam-Webster.com. Merriam-Webster, n.d. Web. 11 June 2015.  <http://www.merriam-webster.com/dictionary/habeas corpus ad subjiciendum>.

[2] Section 9764 lists the information required upon commitment of an inmate to the custody of the DOC.  Pursuant to section 9764(a)(8), "the sheriff or transporting authority shall provide to the institution's records officer or duty officer . . . [a] copy of the sentencing order and any detainers filed against the inmate which the county has notice."

copy of his sentencing order and, therefore, the state prison had no legal authority to confine him?

Instantly, the trial court dismissed Coleman's writ, as frivolous, under Rule 240,[3] taking judicial notice of the fact that sentencings orders, authorizing total confinement, *do* exist with respect to each of Coleman's criminal cases mentioned above. In fact, our dockets reveal that in 1988, Coleman filed a direct appeal from his judgments of sentence[4] entered in the Allegheny Court of Common Pleas. *See Commonwealth v. Coleman*, No. 1521 Pittsburgh 1988 (filed November 24, 1989) (Pa. Super. 1989).

In *Joseph v. Glunt*, 96 A.3d 365 (Pa. Super. 2014), the defendant made a similar argument to the one Coleman advances in his petition for

_____

[3] Rule 240 states, in pertinent part:

> (j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, *the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.*

Pa.R.C.P. 240(j)(1) (In Forma Pauperis) (emphasis added). A frivolous action or proceeding has been defined as one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319 (1989).

[4] The caption in that appeal to our Court reads:

> Appeal from Judgment[s] of Sentence of the Court of Common Pleas of Allegheny County, Criminal Division at Nos. CC8800275, 8800279 and 8800281, OTN#C734860 and OTN#C734602.

habeas corpus relief. The defendant in that case also filed a petition for writ of habeas corpus, claiming that his current sentence was illegal because the DOC did not have a written copy of his sentencing order. However, because the trial court discovered either a transcript of the defendant's sentencing hearing or a separate, valid sentencing order in the record, the court determined that "the existent record authorized [the defendant's] incarceration." **Id.** at 368. On appeal, our Court held that:

> The trial court properly reviewed the record and discovered a valid sentencing order contained therein. **Moreover, the trial court correctly concluded that, even in the absence of a written sentencing order, the DOC had continuing authority to detain [the defendant]. We discern no abuse of discretion in the trial court's conclusion.**

**Id.** at 372 (emphasis added).

While a petition for writ of habeas corpus is the proper vehicle for Coleman's illegal detention claim,[5] **Joseph** makes it clear that "section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within." **Id.** at 371. Moreover, because the trial court's twenty-three page criminal docket confirms that Coleman was tried by a jury, found guilty, and sentenced, we

_____

[5] We recognize that the trial court's statement that "[h]abeas corpus is not an appropriate remedy," Trial Court Opinion, 9/5/2014, at 3, is incorrect under **Joseph**. However, it is well settled that we may affirm the trial court on different grounds. **Commonwealth v. Thompson**, 778 A.2d 1215, 1223 n.6 (Pa. Super. 2001).

find further support for the trial court's dismissal of his petition for writ of habeas corpus.  **See Joseph**, 96 A.3d at 372; **see also Travis v. Giroux**, 83 A.3d 525 (Pa. Cmwlth. 2013).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2015